**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ARIEL FERRUFINO MAMANI,**

**Petitioner,**

**v.** **Civil Action No. 3:26cv779**

**JEFFREY CRAWFORD, *et al.*,**

**Respondents.**

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS Petitioner Ariel Feurrfino Mamani's Motion for Temporary Restraining Order. (ECF No. 8.) The Court WAIVES any requirement for Mr. Mamani to post a bond. *See* Fed. R. Civ. P. 65(c).

Respondents are ORDERED to provide Mr. Mamani with a full and fair bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents are further ORDERED to provide Petitioner's counsel with sufficient access to his client so that he can provide effective assistance of counsel in preparation for the hearing.

The Court ORDERS that the Immigration Court provide Mr. Mamani with a bond hearing prior to any hearing on the merits of his removal, and no later than twenty-four (24) hours from the date of entry of this Order, or if that period falls on a weekend, on the next business day.

The Court further ORDERS that at that hearing, Respondents SHALL bear the burden of showing that Mr. Mamani is a danger or a flight risk by clear and convincing evidence.

Respondents are ENJOINED from denying bond to Mr. Mamani on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court no later than three (3) days after Mr. Mamani's bond hearing, stating whether Mr. Mamani has been granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that Mr. Mamani's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, would be insufficient.

In the event that Mr. Mamani is released on bond, Respondents are ENJOINED from rearresting Mr. Mamani unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is subject to detention pursuant to a final order of removal.

Should Mr. Mamani be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[10]

The Court RESERVES final judgment on the merits of Mr. Mamani's Amended Petition, (ECF No. 7), until after receipt of Respondents' status report.

The Court SCHEDULES a preliminary injunction hearing for August 26, 2026 at 1:00 p.m.

It is SO ORDERED.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 8/14/2026
Time: 1:43 P.M. EST
Richmond, Virginia

---

[10] Courts in this District have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025)